UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR CHARLES FOURSTAR, JR.,<br><br>    Petitioner,<br><br>    v.<br><br>PAUL COPENHAVER,<br><br>    Respondent. | Case No.: 1:14-cv-01535-JLT<br><br>ORDER CONSTRUING PETITION AS MOTION FOR LEAVE TO AMEND IN EARLIER CASE<br><br>ORDER DIRECTING CLERK OF THE COURT TO DOCKET THE PETITION IN THIS CASE AS A MOTION TO AMEND IN CASE NO. 1:14-cv-01456-BAM<br><br>ORDER DIRECTING THE CLERK OF THE COURT TO CLOSE THIS CASE |

Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**PROCEDURAL HISTORY**

The instant petition was filed on October 1, 2014, challenging Petitioner's 2003 conviction in the United States District Court for the District of Montana. (Doc. 1). On September 18, 2014, in case no. 1:14-cv-01456-BAM ("14-1456"), Petitioner filed another habeas petition challenging the results of a prison disciplinary proceeding and the calculation of his credits and projected release date. Also, on September 24, 2014, Petitioner filed yet another habeas corpus petition challenging, as in this case, his 2003 conviction in Montana, in case no. 1:14-cv-01486-MJS ("14-1486").

///

///

**DISCUSSION**

In Woods v. Carey, 525 F.3d 886 (9th Cir. 2008), the Ninth Circuit held that, under certain circumstances, if a pro se petitioner files a habeas petition during the pendency of a previous petition, the district court should construe the later-filed petition as a motion to amend the earlier-filed petition. Woods, 525 F.3d at 889-890. Hence, Woods appears to require the Court to construe a "second or successive" petition filed while an earlier petition is still pending in the district court as a motion to amend the earlier petition.

Here, as mentioned, Petitioner first filed a habeas petition in this Court in case no. 14-1456 challenging prison discipline; he then filed another petition in case no. 14-1486 challenging his original conviction in 2003. Later, he filed the instant habeas petition in this case. Applying the Ninth Circuit's reasoning, this Court must treat the instant later-filed petition as a motion to amend the earlier-filed petition in case no. 14-1456. Accordingly, the Court will direct the Clerk of the Court to file this petition in case no.14-1456 as a motion to amend the petition in that case and will direct the Clerk of the Court to close this case.

**ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. The Court construes the instant petition for writ of habeas corpus (Doc. 1), as a motion to amend the petition in case no. 1:14-cv-01456-BAM to include the claim raised herein;
2. The Clerk of Court is DIRECTED to docket in case no. 1:14-cv-01456-BAM the instant petition for writ of habeas corpus (Doc. 1) as a motion to amend;
3. The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:   **October 9, 2014**                    **/s/ Jennifer L. Thurston**
                                                UNITED STATES MAGISTRATE JUDGE